UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR, as next friend of minor children; R.R.P, III, J.B.I.P, J.R.P, M.R.P and M.E.P,

    Plaintiff,

v.   Case No: 2:14-cv-313-FtM-29CM

KATHLEEN SIBELIUS, JOHNSON & JOHNSON PHARMACEUTICALS, ALEX GORSKY, COASTAL BEHAVIORAL HEALTHCARE, INC., JACK MINGE, JANSSEN PHARMACEUTICALS, TOM HEYMAN, BRISTOL-MYERS SQUIBB, JAMES M. CORNELIUS, JUSTIN SENIOR, KAREN BROOKS, KARYN E. GARY, WEST ELEMENTARY SCHOOL, PHYLLIS CLEMONS, MEMORIAL ELEMENTARY SCHOOL, DALE WOLGAST, PROVIDENCE SERVICE CORP., WARREN S. RUSTAND, KINSHUK BOSE, FLORIDA MEDICAID DEPARTMENT, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES and DESOTO COUNTY SCHOOL BOARD,

    Defendants.

## ORDER

This matter comes before the Court upon review of the file. Plaintiff Robert M. Prunty, Jr. brings this action *pro se* as next friend of his five minor children – RRPIII, MRP, JRP, JBIP and MEP. In Plaintiff's Second Amended Complaint (Doc.

51), Plaintiff attempts to bring claims against multiple individual corporate and government defendants under the Florida Deceptive and Unfair Trade Practices Act, the Thirteenth Amendment and Title VI of the Civil Rights Act, and for gross negligence. While not entirely clear, Plaintiff complains about the quality of the education and Individualized Education Plans provided to each of his children by the Desoto County School District, alleging that his children are intentionally discriminated against based on their race, color or national origin. He also alleges under the gross negligence claim that the defendant pharmaceutical companies and their employees used deceptive labeling on the drugs taken by his disabled children and otherwise manufacture a defective product.

Standing is a threshold jurisdictional question that "must be addressed prior to and independent of the merits of a party's claims." *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359-60 (11th Cir. 2007). Thus, the Court must consider standing *sua sponte*. *Id.* at 1360. The Eleventh Circuit has held that although "Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, a non-lawyer parent has no right to represent a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (citing *Devine v. Indian River County School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970) (finding court's rule that nonlawyers may not represent other

people in litigation to be reasonable); 28 U.S.C. § 1654 (parties may appear on their own behalf personally or through counsel); M.D. Fla. Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court).").

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Even under a liberal reading of Plaintiffs' Second Amended Complaint (Doc. 51), Plaintiff has not alleged that he has suffered any damages personally.  He does not allege that he has taken any of the drugs at issue nor that his civil rights have been violated because of the actions of the Defendants.  Therefore, any claims which purport to be brought on behalf of anyone other than Robert R. Prunty, Jr., or to recover for damages alleged suffered by persons other than Mr. Prunty himself, are due to be dismissed by the Court *sua sponte* for lack of standing.[1]  Thus, because Plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons, including his own minor children.  While Mr. Prunty may bring this action as next friend on behalf of his minor children pursuant to Federal Rule 17(c), he must obtain counsel in order to continue.  The Court will permit Mr. Prunty 45 days to obtain counsel.

---

[1] Although Plaintiff has sought leave to amend his complaint (Doc. 97), a review of the proposed third amended complaint reveals that it would fail for the same reasons, as in the proposed amended pleading, Mr. Prunty does not allege that he suffered any damages personally.

**Failure to obtain counsel for the minor plaintiffs could result in this action being dismissed without further notice.**[2]

All Defendants have jointly moved to stay the filing of a case management report and all discovery pending a ruling on the numerous dispositive motions to dismiss, which assert, among other things, lack of jurisdiction, qualified immunity and lack of standing. Plaintiff opposes a stay. Doc. 117, 138, 139. The Court is not inclined to issue a stay in this case until the dispositive motions to dismiss are ruled upon, but does find that an extension of the deadline to conduct the case management conference and file the case management report is warranted in this case while Mr. Prunty obtains counsel. Accordingly, no discovery may occur until after the parties have conducted the case management conference. *See* M.D. Fla. Rule 3.05(c)(2)(B).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff shall have up to and including **October 10, 2014** to obtain counsel to represent the minor plaintiffs. Counsel shall file an appearance by this date. **Failure to obtain counsel for the minor plaintiffs could result in this matter being dismissed without further notice.**

2. Defendants' Motion to Stay Case Management Report and Discovery (Doc. 117) is **GRANTED in part.** The filing of a case management report is extended

---

[2] Even if Mr. Prunty obtains counsel, the Court is making no findings at this time as to whether the minor children's Second Amended Complaint (Doc. 51) states a viable claim for relief.

until the issue of counsel is resolved.  **Within 21 days** after counsel enters an appearance, the case management report shall be filed with the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties