UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR , as next
friend of minor children; R.R.P, III,
J.B.I.P, J.R.P, M.R.P and M.E..,

    Plaintiff,

v.

    Case No: 2:14-cv-313-FtM-29CM

KATHLEEN SIBELIUS, ET AL.

    Defendants.

### REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motions for Leave to File Third Amended Complaint. Docs. 177, 178. [2] Defendants Bristol-Myers Squibb and Coastal Behavioral Healthcare, Inc. filed responses in opposition. Docs. 192, 202. Plaintiff *pro se* Robert M. Prunty, Jr., brings this action as next friend of his five minor children, RRPIII, MRP, JRP, JBIP and MEP. The Court previously issued an Order which instructed Plaintiff that because his Second Amended Complaint (Doc. 51) did not allege that he suffered any damages personally, his case was due to be dismissed by the Court *sua sponte* unless he obtained counsel to represent his minor children.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] In his motion, Plaintiff seeks leave to file a "third" amended complaint. Plaintiff previously sought leave to file a "third" amended complaint (Doc. 97), which the Court recommends be denied for the same reasons as the instant motion. Because Plaintiff has not been granted leave to file a third amended complaint, the Court will consider this request as a request for a third amendment.

Doc. 173. The Court allowed Plaintiff 45 days to obtain counsel and cautioned him that if he failed to do so the matter would be dismissed without further notice. *Id.* Plaintiff did not obtain counsel. Instead, Plaintiff filed the instant *pro se* request for leave to amend his complaint to add the children's mother, India Prunty, as a Plaintiff and plead claims on the parents' own behalf and on behalf of their minor children, without counsel. For the reasons stated herein, Plaintiffs' request to amend should be denied, because Plaintiffs, as non-attorney parents, cannot litigate this case on behalf of their minor children if they are not represented by counsel, and the parents have failed to plead any cognizable claim on either of their own behalf.

## I.     Background

On March 5, 2014, Plaintiff filed his original complaint in the Southern District of Florida against 20 defendants for purported violations of: (i) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et. seq.*; (ii) the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*; (iii) the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*; (iv) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et. seq.*; and (v) the Thirteenth Amendment of the U.S. Constitution. Doc. 1. Before serving several defendants, on March 24, 2014, Plaintiff filed his first amended complaint. Doc. 15.

On April 29, 2014, U.S. District Judge Kathleen Williams, entered an Omnibus Order, which dismissed the Amended Complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. The Omnibus Order specified:

> Plaintiff shall be given one more opportunity to amend his Complaint. Plaintiff shall separate his claims into counts,

> with appropriate headings indicating the cause of action and identifying the specific defendant or defendants against whom the claim is brought.

Doc. 44. Plaintiff was directed that "below each heading, Plaintiff shall assert, expressly or inferentially, the elements applicable to that cause of action, the facts giving rise to the claim, and any relevant statutes." Plaintiff was directed to file his second amended complaint by May 12, 2014. *Id.*

On May 12, 2014, Plaintiff filed his Second Amended Complaint, the operative complaint in this matter. Doc. 51. Every Defendant that had been served up to that point moved to dismiss. Docs. 53, 58, 61, 64, 70. On June 6, 2014, Judge Williams concluded that the substantial part of the alleged conduct giving rise to Plaintiff's claims took place in and around Desoto County, Florida, and Plaintiff had failed to show cause why venue for this action was proper in the Southern District of Florida. Thus, the matter was transferred to the Middle District of Florida. Doc. 72.

On August 27, 2014, this Court entered the Order directing Plaintiff to obtain counsel to represent his minor children on or before October 13, 2014. Doc. 173. Plaintiff has sought leave to amend in an attempt to plead claims on his own behalf and that of the children's mother, India Prunty. In the proposed amendment, Plaintiff purports to bring claims for gross negligence, FDUPTA, Title VI and IDEA. Doc. 178. Plaintiffs complain about the quality of the education and Individualized Education Plans ("IEP") provided to each of their children by the Desoto County School District, alleging that their children were intentionally discriminated against based on their race, color or national origin. Plaintiffs also allege under the gross

negligence claim that the Defendants pharmaceutical companies and their employees used deceptive labeling on the drugs taken by his disabled children and otherwise manufacture a defective product.

Even construing Plaintiffs' proposed third amended complaint liberally, Plaintiffs fail to allege any cognizable claim on either of their own behalf. Therefore, the Court recommends that the motion to amend be denied. The Court further recommends upon review of the operative complaint (Doc. 51), that this cause be dismissed because Plaintiff has failed to obtain counsel to represent his minor children after being afforded the opportunity to do so.

## II. Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that for amendments not filed as a matter of course, as in the instant case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman*, 371 U.S. at 182). If

a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). A complaint will be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In federal court, an individual has a right to proceed either *pro se* or through counsel. 28 U.S.C. § 1654. Federal Rule of Civil Procedure 17 requires that an action be prosecuted in the name of the real party in interest, but there are certain exceptions, such as, executors, administrators, or a guardian prosecuting an action. Fed. R. Civ. P. 17. The Eleventh Circuit clarified that, although "Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, a non-lawyer parent has no right to represent a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (citing *Devine v. Indian River Cnty. School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970) (finding court's rule that nonlawyers may not represent other people in litigation to be reasonable); 28 U.S.C. § 1654 (parties may appear on their own behalf personally or through counsel); M.D. Fla. Rule 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court).").

Although Robert and India Prunty may bring suit as next friend on behalf of their minor children and litigate their claims *pro se* as to their own damages, they may not represent their children because they are not authorized to practice law. Thus, the Court only reviews the claims in the proposed amendment that the parents purport to bring on their own behalves. Because Plaintiffs are proceeding *pro se*, their pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

      a.     Negligent Failure to Warn

Plaintiffs purport to plead a claim under Count One for gross negligence against pharmaceutical companies Johnson & Johnson, Inc. ("J&J"), Jannsen Pharmaceuticals, Inc. ("Jannsen") and Bristol Myers Squibb, Inc. ("BMS") for failure to warn doctors about the dangers of the drugs Abilify and Risperdal, which were allegedly prescribed to their child, RRPIII. Doc. 178 at ¶ 22. They also claim that the drugs were prescribed without their informed consent. *Id.* Plaintiffs complain that the drugs cause permanent damage to the human reproductive system, neurological system and T and B cells. *Id.* at ¶21. Plaintiffs allege that as a direct and proximate result of the gross negligence of the pharmaceutical companies, Plaintiffs and RRPIII have suffered extreme emotional distress and RRPIII has suffered physical harm, including permanent physical injuries to his reproductive system, mental pain and suffering, psychological injuries, scarring, disability disfigurement and loss of capacity for enjoyment of life. *Id.* at ¶ 26.

To establish a *prima facie* case of negligent failure to warn, the plaintiff must allege, and ultimately prove that the defendant: (1) is the manufacturer or seller of the product at issue; (2) had reason to know that its product was likely to be dangerous for its intended use and had no reason to believe that the intended user would realize its dangerous condition; (3) nevertheless failed to exercise reasonable care to inform the user of the condition; and (4) alleged negligent failure to warn was the proximate cause of the plaintiff's injury. *See Sowell v. Am. Cyanamid Co.*, 888 F.2d 802, 803 (11th Cir. 1989); *Christopher v. Cutter Lab.*, 53 F.3d 1184, 1191 (11th Cir. 1995).

Plaintiffs do not allege that they were prescribed or have taken Abilify and Risperdal, only that they suffer from emotional distress because their child has allegedly taken the drug. Plaintiffs, however, have not suffered injury as a result of the alleged failure to warn. This cause of action accrues to the child for his injuries. As the Court previously cautioned Mr. Prunty, because he purports to recover for damages allegedly suffered by persons other than himself, his claim is due to be dismissed unless he obtained counsel to represent his minor child, which he has failed to do.

### b. Florida Deceptive and Unfair Trade Practices Act

Under Count Two, Plaintiffs purport to bring a claim for violations of FDUTPA and the Federal Trade Commission Act ("FTCA"), against J&J, Jannsen and BMS, and against Coastal Behavior Healthcare ("Coastal"), Providence Service Corp. ("Providence") and Family Preservation Services ("Family Preservation"), which

appear to be the entities that are affiliated with the doctor's offices that prescribed Abilify and Risperdal to their child, RRPIII. Plaintiffs also plead this claim individually against each chairperson of those companies and Kinshuk Bose, a doctor at Family Preservation.

Construed liberally, Plaintiffs allege that the pharmaceutical companies failed to inform the public and doctors about the risks of "dementia related psychosis" caused by Abilify and Risperdal and made material misrepresentations regarding the same. Doc. 178 at ¶ 45-46. Plaintiffs state that there is a black box warning on the drugs regarding "dementia related psychosis," but the black box warning is deceptive and difficult to understand for people who have little understanding of the English language. *Id.* at ¶ 47. Plaintiffs allege that Coastal, Providence and Family Preservation prescribed the "deadly and dangerous drugs" without informed consent. *Id.* at ¶ 51. Plaintiffs state that the deceptive acts "cause substantial injury to consumers' reproductive systems across the United States" and they seek injunctive and other equitable relief, as well as disgorgement of profits. *Id.* at p. 13, ¶ 29-30. Plaintiffs also state that they are suing based on a "direct and indirect consumer theory" and allege as parents that they have personally suffered emotional distress as a result of Defendants' false and deceptive acts. *Id.* at ¶ 56.

Under FDUTPA, a "violation" is a violation of any rules promulgated pursuant to the FTCA, standards of unfairness and deception set and interpreted by the FTC or federal courts, and/or any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or deceptive practices. Fla. Stat. §

501.203(3)(a)-(c).  The FDUTPA provides a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).  "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th DCA 2008) (citations and quotation omitted).  Causation must be direct, rather than remote or speculative.  *See e.g.*, Fla. Stat. § 501.211(2) ("In any action brought by a person who has suffered a loss as a result of a violation of this part … may recover actual damages.")

"In the context of FDUTPA, 'actual damages' are defined as the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties."  *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So.3d 178, 180 (Fla. 3d DCA 2010) (citing *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984)); *see also Urling v. Helms Exterminators, Inc.*, 468 So.2d 451, 454 (Fla. 1st DCA 1985).  This is because "[t]he act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer."  *Urling*, 468 So.2d at 454.

In this case, Plaintiffs do not plead any actual damages available under FDUTPA that they have individually suffered.  Rather, Plaintiffs allege that the reproductive systems of consumers across the United States have been injured (Doc. 178 at ¶ 52) and that Plaintiffs have suffered emotional distress.  Doc. 178 at ¶ 56.

The FDUTPA does not permit claims for personal injury, and Plaintiffs do not allege a FDUTPA violation in the purchase of the prescription medication. *See* Fla. Stat. § 501.212(3); *Taviere v. Precision Motor Cars, Inc.*, No. 8:09-cv-467-T-TBM, 2010 WL 557347, *5 (M.D. Fla. Feb. 12, 2010). Thus, the Court finds that amendment would be futile. *See Smith v. 2001 S. Dixie Highway, Inc.*, 872 So.2d 992, 994 (Fla. 4th DCA 2004) ("[W]hen a plaintiff in her complaint fails to allege a recoverable loss under FDUTPA, the complaint fails to state a cause of action under FDUTPA.").

Moreover, the conduct that Plaintiffs challenge falls within the safe harbor of the FDUTPA, Fla. Stat. § 212(1), because the labeling for Abilify and Risperdal is FDA-approved and "specifically permitted" by federal law. *See Prohias v. AstraZeneca Pharmaceuticals*, 958 So.2d 1054, 1056 (Fla. 3d DCA 2007). To the extent any damages are claimed on behalf of Plaintiffs' children, Plaintiffs have failed to obtain counsel.

    c.    Title VI of the Civil Rights Act of 1964

In Count Three, Plaintiffs allege on behalf of themselves and their children that Defendants intentionally discriminated against them in the IEP process by making "pretextual statements" to justify not offering supportive services, thereby denying their children a free appropriate public education ("FAPE") in violation of Title VI. Doc. 178 at ¶57-69. They further allege that the Desoto County School District and its "agents" made false statements in IEP documents that the children were proficient in the English language, which they are not, thereby depriving them of certain educational services. *Id.* at ¶ 66-69.

Section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits discrimination on the basis of race, color or national origin in federally-assisted programs. Section 601 of Title VI allows a private cause of action for intentional discrimination, and provides for injunctive relief and/or damages. *Alexander v. Sandoval*, 532 U.S. 275, 279-80 (2001); *Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d 1394, 1406 (11th Cir. 1993) (citing *Alexander v. Choate*, 469 U.S. 287, 293 (1985)). "Discriminatory intent may be established by evidence of such factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker, and discriminatory statements in the legislative or administrative history of the decision." *Elston*, 997 F.2d at 1406.

It is unclear under what theory of recovery Plaintiffs are seeking relief on their own behalf, as there is no indication that Defendants discriminated against the parents, and Plaintiffs may not litigate this claim on behalf of their children, as the Court has previously cautioned. The Court has afforded Plaintiffs the opportunity to obtain counsel, and Plaintiffs has failed to do so. Thus, the motion to amend as to Count Three should be denied.[3]

---

[3] Further, to the extent Plaintiff brings this count against individual defendants, it fails to state a claim. To assert a claim under Title VI, defendant must be a recipient of federal funding, and typically an individual is not the one receiving the federal funding or assistance. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 & n.12 (11th Cir. 2003).

#### d. Individuals with Disabilities in Education Act

Plaintiffs brings Count Four pursuant to the IDEA for Defendants' alleged "refusal to allow the parents to participate in the IEP process," which deprived them and their children a free appropriate public education. Doc. 178 at ¶ 88, 91. In *Winkelman*, the Supreme Court held that parents enjoy rights under the IDEA and they are "entitled to prosecute IDEA claims on their own behalf." *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 534 (2007). "We conclude IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child." *Id.* at 533.

The IDEA entitles a student with a disability to FAPE. 20 U.S.C. § 1415. To accomplish this, the IDEA requires the development of an IEP "'during a meeting between the student's parents and school officials.'" *M.M. ex rel. C.M. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 437 F.3d 1085, 1095 (11th Cir. 2006) (citing *Loren F. ex rel. Fisher v. Atl. Indep. Sch. Sys.*, 349 F.3d 1309, 1312 (11th Cir. 2003)). There is an administrative hearing process available to any parent who wishes to challenge an IEP, or any matter relating to the provision of a FAPE. A parent may request an "impartial due process hearing" before an Administrative Law Judge ("ALJ").[4] *See* 20 U.S.C. § 1415(f); 34 C.F.R. § 300.403(b). If a party does not agree with the findings of the ALJ, then "any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the

---

[4] In Florida, these hearings are conducted by the Division of Administrative Hearings.

complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

The Eleventh Circuit has stated that "[i]n order to bring such a court challenge, however, the IDEA requires that a plaintiff first exhaust administrative remedies . . . . The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." *J.P. v. Cherokee Cnty. Bd. of Educ.*, 218 F. App'x 911, 913 (11th Cir. 2007). "Thus, because exhaustion is a prerequisite to the civil action contemplated by § 1415(l), a parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action." *Id.* See also *B.M. ex rel. M.R. v. Thompson*, No. 3:13-cv-13-J-12JBT, 2013 WL 4547344, *8 (M.D. Fla. Aug. 27, 2013) (noting that the Eleventh Circuit has been fairly strict in requiring administrative exhaustion of IDEA claims). In addition, the Eleventh Circuit has held that "any student who wants 'relief that is available' under the IDEA must use the IDEA's administrative system even if he invokes a different statute." *Babicz v. Sch. Bd. of Broward Cnty.*, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998). See also *Hughes v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:06-cv-629-FtM-29DNF, 2007 WL 2729588, *2 (M.D. Fla. Sept. 18, 2007) (finding that "a party cannot be 'aggrieved by the findings and decision' within the meaning of 20 U.S.C. § 1415(i)(2)(A) until such findings and decision are rendered," which did not occur until the ALJ's decision below was issued).

The IDEA provides that the exhaustion remedy applies to: "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6); *Cherokee Cnty.*, 218 F. App'x at 913.

In this case, the exhibits to Plaintiffs' proposed third amended complaint show that Plaintiff father filed a due process complaint regarding the school district's handling of his children's IEPs. Doc. 178-1 at 1-5. A preliminary meeting between the Desoto County School Board and father was scheduled to take place on February 20, 2014. *Id.* Father failed to appear for the meeting, instead submitting a letter stating that he was withdrawing his hearing request because he wished to proceed first in federal court. *Id.* at 6-7. Because Plaintiffs have failed to exhaust administrative remedies with regard to any potential IDEA claims they might have, the amendment would be subject to dismissal.[5] Therefore, it is recommended that Plaintiffs' request for leave to amend should be denied because amendment would be futile.[6]

### e. Dismissal in this Case is Warranted

---

[5] There is also no indication that the children's mother exhausted her administrative remedies either.

[6] Even if Plaintiffs had exhausted their administrative remedies, to the extent any IDEA claims are brought on behalf of the children, counsel would need to be obtained to represent them. "IDEA allows parents to sue in their children's stead, but does not authorize them to act as counsel in such a lawsuit. We are aware of no authority permitting non-lawyers to represent their children *pro se* in cases brought pursuant to IDEA." *Devine*, 121 F.3d at 581.

In Plaintiff's Second Amended Complaint (Doc. 51), which is the operative complaint in this mater, Plaintiff attempts to bring claims against individual, corporate and government defendants under FDUTPA, the Thirteenth Amendment[7] and Title VI of the Civil Rights Act, and for gross negligence. As Plaintiff has previously been cautioned, even under a liberal reading of Plaintiff's Second Amended Complaint, Plaintiff has not alleged that he has suffered any damages personally.[8] Doc. 173. Thus, while Mr. Prunty may bring this action as next friend on behalf of his minor children pursuant to Federal Rule 17(c), he must obtain counsel in order to continue. *Id.* Plaintiff was afforded the opportunity to do so and was cautioned that failure to do so would result in this action being dismissed without further notice. *Id.*

The Court further recommends that Plaintiff is not afforded another opportunity to amend. Although leave to amend should be freely given when justice so requires, amendment may be denied for failure to cure deficiencies by amendments previously allowed or if it will cause prejudice to opposing parties. *Foman*, 371 U.S. at 182. Plaintiff has attempted to amend his complaint four times and has still failed

---

[7] The Second Amendment Complaint contains fantastical allegations that at a minimum should be stricken, including that the Prunty children have been treated worse than slaves by Defendants because they have been forced to take "lye and acid preparations that aggravate their conditions" and were subject to "reproductive murder and depopulation objectives." Doc. 51 at 25.

[8] Although Plaintiff previously sought leave to amend his complaint on July 10, 2014 (Doc. 97), a review of that proposed third amended complaint reveals that it would fail for the same reasons. In that proposed amended pleading, Mr. Prunty likewise does not allege that he suffered any damages personally. Thus, the Court recommends that Doc. 97 be denied on the same grounds as the instant motion to amend.

to adequately plead a claim on his own (or his wife's) behalf, he may not litigate this case on behalf of his minor children without counsel. With each amendment, multiple Defendants have filed motions to dismiss. The Court recommends that allowing further amendment at this stage would unduly prejudice Defendants and would be contrary to the principles of judicial economy, especially given the fact that Plaintiff has been afforded the opportunity to obtain counsel and chose not to do so and has failed in his attempt to bring claims on his own behalf. *See Whitehurst*, 306 F. App'x at 450 n.5 ("district court did not abuse its discretion in denying leave to amend complaint because *pro se* plaintiff failed to allege new facts from which the district court could have concluded that he might have been able to state a successful claim").

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

Plaintiff's Motions for Leave to File Third Amended Complaint (Docs. 97, 177, 178) be **DENIED**. The Court further recommends that the matter be dismissed with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 20th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record
Unrepresented party