UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR., as next friend of minor children; R.R.P, III, J.B.I.P, J.R.P, M.R.P and M.E.P,

    Plaintiff,

v.                                    Case No: 2:14-cv-313-FtM-29CM

KATHLEEN SIBELIUS, ET AL.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #217), filed November 20, 2014, recommending that Plaintiff's Motions for Leave to File Third Amended Complaint (Docs. ##97, 177, 178) be denied and that the matter be dismissed with prejudice. Plaintiff filed an Objection (Doc. #218) on December 1, 2014. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is accepted and adopted as modified herein and the case is dismissed without prejudice.

**I.**

Plaintiff Robert M. Prunty, Jr., proceeding *pro se*, brings this action as next friend of his five minor children. The operative pleading is Plaintiff's Second Amended Complaint (Doc.

#51.)  Construed liberally because of Plaintiff's *pro se* status, Plaintiff brings claims against multiple individual, corporate, and government defendants under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), the Thirteenth Amendment, Title VI of the Civil Rights Act (Title VI), and for gross negligence. (Id.)  Plaintiff's Title VI and Thirteenth Amendment claims are premised on his allegation that, on account of their race, his children were not provided with adequate individualized education plans as required by the Individuals with Disabilities Education Act (IDEA).   (Id.)   In support of his negligence and FDUTPA claims, Plaintiff alleges that his minor children were harmed as a result of their use of the prescription drugs Abilify and Risperdal, which Plaintiff contends were deceptively labeled and defectively manufactured.  (Id.)  Multiple Defendants have moved to dismiss the Second Amended Complaint.  (Docs. ##53, 58, 61, 64, 70.)

On August 27, 2014, the Magistrate Judge advised Plaintiff that a non-lawyer cannot represent a third-party before the Court and, therefore, because the Second Amended Complaint alleged claims only on behalf of Plaintiff's children, his case was due to be dismissed unless he obtained counsel.   (Doc. #173.)   The Magistrate Judge granted Plaintiff 45 days to obtain counsel and warned him that a failure to do so would result in a *sua sponte* dismissal of his case.  (Id.)  Plaintiff did not obtain counsel.

Instead, Plaintiff filed multiple motions for leave to file a third amended complaint in an attempt to plead claims on his own behalf and on behalf of the children's mother.[1] (Docs. ##177, 178.) The Magistrate Judge reviewed the proposed third amended complaint, concluded that amendment would be futile as Plaintiff did not assert any viable claims brought on his own behalf or on behalf of the children's mother, and recommended that the Court dismiss the case with prejudice. (Doc. #271.)

## II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal

---

[1] One additional motion for leave to amend (Doc. #97) was already pending at the time of the Magistrate Judge's order.

conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

### III.

After reviewing the Magistrate Judge's findings and recommendations, the Court agrees with the Magistrate Judge that Plaintiff's case must be dismissed for failing to obtain counsel to represent his minor children. Although "Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, a non-lawyer parent has no right to represent a child in an action in the child's name." Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008). As Plaintiff appears to concede, the Second Amended Complaint does not allege any claims on Plaintiff's own behalf. Plaintiff's case is therefore subject to dismissal unless Plaintiff's proposed third amended complaint adequately pleads any such claims. As analyzed in detail by the Magistrate Judge, it does not. Accordingly, the Magistrate Judge concluded that Plaintiff's requests to amend his complaint must be denied as futile and his case dismissed.

Plaintiff offers three objections to the Magistrate Judge's recommendation. First, Plaintiff argues that he may proceed *pro se* on his IDEA claim because parents are "entitled to prosecute IDEA claims on their own behalf." Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 534 (2007). Plaintiff is correct that a

parent may qualify as an aggrieved party under the IDEA and, accordingly, may bring their own causes of action without legal representation. Id. However, before filing a civil action for a violation of the IDEA, a plaintiff must first exhaust all available administrative remedies, including a meeting with school officials and a hearing before an Administrative Law Judge. J.P. v. Cherokee Cnty. Bd. of Educ., 218 F. App'x 911, 913 (11th Cir. 2007) ("The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."). Here, Plaintiff concedes that he bypassed the administrative process entirely and instead "decided to go directly to Federal Court." (Doc. #218, ¶ 11.) Accordingly, to the extent Plaintiff's IDEA claim is not subject to dismissal for failure to obtain counsel to represent his minor children, the claim is subject to dismissal for failure to exhaust administrative remedies.

Second, Plaintiff argues that he may proceed on his Title VI cause of action because it is brought on his own behalf and Title VI does not require administrative exhaustion. While Plaintiff is correct that Title VI does not, as a general matter, require exhaustion of administrative remedies prior to filing suit, Doe v. Garrett, 903 F.2d 1455, 1460 (11th Cir. 1990), a plaintiff may not avoid the IDEA's exhaustion requirements simply by seeking the

same relief via a different statute, Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute.") (internal quotation omitted); see also Loch v. Edwardsville Sch. Dist. No. 7, 327 F. App'x 647, 650 (7th Cir. 2009) (affirming dismissal of Title VI claim for lack of exhaustion where relief sought in Title VI cause of action was access to the free appropriate public education guaranteed by the IDEA).

Here, Plaintiff explains that his Title VI claim is premised upon his assertion that, on account of their race, he, his minor children, and the children's mother were denied rights afforded to them by the IDEA. (Doc. # 178, ¶¶ 63-78; Doc. #218, ¶ 23.) Such a claim indisputably seeks relief available under the IDEA and, therefore, requires exhaustion of the IDEA's administrative remedies. Babicz, 135 F.3d at 1422 n.10. As explained above, Plaintiff concedes that he has not done so and therefore his Title VI claims are subject to dismissal.

Lastly, Plaintiff argues that he has adequately pled causes of action for negligence and deceptive and unfair trade practices. However, as detailed by the Magistrate Judge, Plaintiff cannot proceed on these causes of action because he has failed to allege that he (as opposed to his minor children) was injured by Defendants' conduct. Indeed, in his Objection, Plaintiff

acknowledges that these claims are premised upon injuries suffered by his minor children as a result of their use of Abilify and Risperdal. (Doc. #218, ¶¶ 26, 36.) Accordingly, these causes of action belong to Plaintiff's minor children, and while he may authorize a lawsuit on their behalf, he must obtain counsel in order to do so. <u>Whitehurst</u>, 306 F. App'x at 449.

Therefore, Plaintiff's objections are overruled and the Court adopts the Magistrate Judge's recommendation that Plaintiff's case should be dismissed. However, the Court disagrees with the Magistrate Judge's recommendation that the Court dismiss the case with prejudice. Instead, the Court will dismiss each of the claims brought on behalf of Plaintiff's minor children without prejudice to refiling should Plaintiff obtain counsel. Likewise, Plaintiff's IDEA claims are dismissed without prejudice to refiling should Plaintiff continue to seek relief following exhaustion of the IDEA's administrative procedures.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #217) is hereby **ADOPTED as modified herein** and the findings **INCORPORATED as modified herein**.

2. Plaintiff's Objection (Doc. #218) is **OVERRULED**.

3. Plaintiff's Motions for Leave to File Third Amended Complaint (Docs. ##97, 177, 178) are **DENIED.**

    4.   Plaintiff's Second Amended Complaint (Doc. #51) is **DISMISSED without prejudice**.

    5.   The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of December, 2014.

                                          _/s/ John E. Steele_
                                          JOHN E. STEELE
                                          UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record